# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER U.S.C. §2254

FILED

04 JAN 21 PM 4: 02

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

NAME: DOUGLAS H. DUNSIZER

PRISON NUMBER: #100189

NAME OF PLACE OF CONFINEMENT: SUMTER CORRECTIONAL INSTITUTION

ADDRESS OF PLACE OF CONFINEMENT:

P.O. Box 667, BUSHNELL, FLORIDA 33513

---

### UNITED STATES DISTRICT COURT - MIDDLE DISTRICT OF FLORIDA

CASE NO. 8.04CV 00099-T30 TBM

#### (TO BE SUPPLIED BY CLERK OF U.S. DISTRICT COURT)

DOUGLAS H. DUNSIZER , PETITIONER

(FULL NAME)        (INCLUDE NAME UNDER WHICH YOU WERE CONVICTED)

#### VS.

WILLIAM SMITH , RESPONDENT

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER)

AND THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, CHARLIE

CRIST , ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

TD 25290
TD 5.00

(Rev. 1/97)                    4

# PETITION

1. Name and location of court which entered the judgment of conviction under attack:

   *Circuit Court of the Sixth Judicial Circuit of the State of Florida*

2. Date of judgment of conviction: *Nov. 1996*

3. Length of sentence: *40 years in Florida State Prison*

4. Sentencing judge: *Robert Downey*

5. Nature of offense or offenses for which you were convicted: *Attempted Murder (F1), Shooting in a Building, Aggravated Assault, Possession of a Firearm by a Convicted Felon. Petitioner was found guilty to the above three and pled guilty to the last (which was severed from the trial).*

6. **What was your plea? (Check one)**

   (a) Not guilty       ( ✓ )
   (b) Guilty           (   )
   (c) Nolo contendere  (   )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

7. **Kind of trial (Check one)**

   (a) Jury  ( ✓ )          (b) Judge only  (   )

8. Did you testify at the trial?  Yes (   )   No ( ✓ )

9. Did you appeal from the judgment of the conviction?  Yes ( ✓ )   No (   )

(Rev. 1/97)

5

10.   If you did appeal, answer the following:

(a) Name of Court _Second District Court of Appeals_

(b) Result _Denied (PCA)._

(c) Date of Result _2/26/99. Mandate issued on 3/18/99._

If you filed a second appeal or filed a petition for certiorari in the Florida Supreme Court or the United States Supreme Court, give details:

_Petitioner appealed via a 3.850, Florida Rule and 3.800, Florida Rule. The Second District Court of Appeal denied on 6/18/03 and issued a Mandate on 7/11/03._

11.   State *concisely* every ground on which you claim you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.

CAUTION:   In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)   Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of the plea.

(b)   Conviction obtained by use of coerced confession.

(c)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e)     Conviction obtained by violation of the privilege against self-incrimination.

(f)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)     Conviction obtained by the violation of the protection against double jeopardy.

(h)     Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)     Denial of effective assistance of counsel.

(j)     Denial of right of appeal.

(Rev. 1/97)

A.    Ground one: _Grounds one through fifteen are attached for space and clarity. They are on the following eleven pages between 8 and 9._

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Exhaustion of ground one in the state courts:**

(1)    Did you raise ground one in the appropriate Florida District Court of Appeals on a direct appeal of your conviction? Yes ( )  No ( )

(2)    After your conviction did you raise ground one in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( )  No ( )

   (a)    If your answer is "yes", then state:

        i.   Whether you received an evidentiary hearing _____

        ii.  The result_____

        iii. The date of the result_____

   (b)    If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( )  No ( )

        i.   If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

        _____

        _____

(Rev. 1/97)                                        8

(3)     Have you raised ground one in any other petition, application, or motion filed in the state courts of Florida? Yes ( )   No ( )

If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion

_____

_____

_____

_____

_____

_____

_____

9

**B.**   Ground two:_____

_____

_____

Supporting **FACTS** (tell your story *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

Exhaustion of ground two in the state courts:

(1)   Did you raise ground two in the appropriate **Florida** District Court of Appeals on a direct appeal of your conviction? Yes ( )   No ( )

(2)   After your conviction did you raise ground two in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( )   No ( )

(a)   If your answer is "yes", then state:

i.   Whether you received an evidentiary hearing _____

ii.' The result _____

iii. The date of the result_____

(b)   If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( )   No ( )

i.   If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

_____

_____

(3)    Have you raised ground two in any other petition, application, or motion filed in the state courts of Florida? Yes ( )   No ( )

If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Rev. 1/97)

11

C.     Ground three:_____

_____

Supporting **FACTS** (tell your story *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

Exhaustion of ground three in the state courts:

(1)     Did you raise ground three in the appropriate Florida District Court of Appeals on a direct appeal of your conviction? Yes ( )   No ( )

(2)     After your conviction did you raise ground three in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( )   No ( )

　　　　(a)     If your answer is "yes", then state:

　　　　　　　　i.   Whether you received an evidentiary hearing _____

　　　　　　　　ii.  The result_____

　　　　　　　　iii. The date of the result_____

　　　　(b)     If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( )   No ( )

　　　　　　　　i.   If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

_____

_____

(3)    Have you raised ground three in any other petition, application, or motion filed in the state courts of Florida? Yes (   )   No (   )

If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion

_____

_____

_____

_____

_____

_____

_____

_____

_____

D.  Ground four:_____

    Supporting FACTS (tell your story *briefly* without citing cases or law):_____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

**Exhaustion of ground four in the state courts:**

(1)  Did you raise ground four in the appropriate Florida District Court of Appeals on a direct appeal of your conviction?  Yes ( )   No ( )

(2)  After your conviction did you raise ground four in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( )   No ( )

    (a)  If your answer is "yes", then state:

        i.  Whether you received an evidentiary hearing _____

        ii.  The result_____

        iii.  The date of the result_____

    (b)  If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( )   No ( )

        i.  If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not

            _____

            _____

(Rev. 1/97)

(3)   Have you raised ground four in any other petition, application, or motion filed in the state courts of Florida?  Yes ( )   No ( )

If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion

_____

_____

_____

_____

_____

_____

12.   Other than a direct appeal and other than the post conviction motions disclosed in your answer to question 11 above regarding exhaustion of state remedies, have you previously filed any petitions, applications, or motions with respect to this judgment and conviction in any court, state or federal? Yes ( )  No (✓)

13.   If your answer to 12 was "yes", give the following information:

(a)   (1)   Name of court____N/A_____

(2)   Nature of proceeding_____

_____

(3)   Grounds raised_____

_____

_____

_____

_____

_____

_____

(4)   Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )

(5)   Result_____

(6)   Date of result_____

(b)   As to any second petition, application or motion give the same information:

    (1)   Name of court ___N|A_____

    (2)   Nature of proceeding_____

              _____

    (3)   Grounds raised_____

              _____

              _____

              _____

              _____

              _____

              _____

    (4)   Did you receive an evidentiary hearing on your petition, application or motion?
          Yes ( )   No ( )

    (5)   Result_____

    (6)   Date of result_____

(c)   Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion:

    (1)   First petition, etc.      Yes ( )    No ( )
    (2)   Second petition, etc.   Yes ( )    No ( )

(d)   If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    _____

    _____

    _____

    _____

    _____

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( )  No (√)

15.     Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)     At the preliminary hearing _N/A_

    (b)     At arraignment and plea _James Denhart_

    (c)     At trial _Robert Pope, Robert Love and Chris Carver_

    (d)     At sentencing _Robert Pope, Robert Love and Chris Carver_

    (e)     On appeal _Karol K. Williams_

    (f)     In any post-conviction proceeding _Richard Escobar_

    (g)     On appeal from any adverse ruling in post-conviction proceeding _Karol K. Williams_

16.     Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (✓)    No ( )

17.     Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ✓)    No (✓)
        PHD
        1-16-04

    (a)     If so, give name and location of court which imposed sentence to be served in the future:

(b)     And give date and length of sentence to be served in the future: ___N/A_____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  Yes (  )   No (  )

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

**I UNDERSTAND THAT ANY FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS APPLICATION WILL SUBJECT ME TO THE PENALTIES OF PERJURY (A FINE OF $10,000 OR IMPRISONMENT FOR FIVE (5) YEARS, OR BOTH).**

I declare that under penalty of perjury that the foregoing is true and correct.

Executed on ___1-16-04___
                    Date

_____
                                    Signature

_____
Signature of Attorney (If Any)
MARK J. O'BRIEN
1304 De Soto Ave
#203
Tampa, Fl 33606
(813) 228-6989

A.    **Ground one:   The trial court committed legal error by failing to suppress the evidence obtained from an illegal search in violation of the Fourth Amendment of the United States Constitution.**

Facts:   Petitioner's living quarters qualified as an apartment within a rooming house. Police detectives were placed on notice of this rooming house environment by the numbers on the doors, the separate locks and keys for each room and the fact that Petitioner's mother, the owner, stated that both of her keys to Petitioner's apartment were checked out. While there is conflicting testimony as to whether Petitioner's mother gave her consent to the police detectives to stand in the hallway outside of Petitioner's apartment, it is undisputed that the police detectives opened the unlocked door of and entered Petitioner's apartment without the permission of Petitioner, the owner of the unit, or anyone else. It was not until the police detectives entered Petitioner's apartment that a gun was seen resting on top of the dresser. This led to the immediate arrest and search incident arrest of the Petitioner and the subsequent discovery of two spent casings within the Petitioner's pockets.

1.    Ground one was raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.    Ground one was not raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3.    Ground one was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

B.    **Ground two:   Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to  cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the assistant state attorney committing prosecutorial misconduct during jury selection.**

Facts:   During voir dire of prospective jurors, the prosecutor made the following statement: "This chair, the chair next to me, is the people of the State of Florida, and the Constitution that our children fought and died for." Defense counsel of the Petitioner timely objected on the grounds that the statement went directly to the emotions of the jury and was improper. The trial court overruled this timely objection. The prosecutor then made this statement: "The purpose of objecting is to keep information from you." The trial court overruled this timely objection as well.

1.    Ground two was raised in the Second District Court of Appeal pursuant to a direct appeal

of Petitioner's conviction.

2.      Ground two was not raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3.      Ground two was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**C.      Ground three:          Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the assistant state attorney committing prosecutorial misconduct during the trial.**

Facts:  During the trial, the prosecutor made the following additional improper comments: "Hey, Doug, ice cream has no bones" and "A partridge in a pear tree".

1.      Ground three was raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.      Ground three was raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3.      Ground three was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**D.      Ground four:**

**Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the assistant state attorney committing prosecutorial misconduct during closing argument.**

Facts:  During closing argument the prosecutor improperly characterized the factual basis of the shooting by sinking to his hands and knees and advocating that the victim was shot in an execution style. There is no factual basis for this version of events in the entire record of the case. The victim testified during trial that he was walking down the street, heard his named being called, turned around and was shot. Further, the prosecutor made reference to the victim's inability to walk since the shooting in an attempt to invoke sympathy. The trial court overruled all related and timely objections made by defense counsel.

1.      Ground four was raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.      Ground four was not raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3.      Ground four was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

E.      **Ground five:  Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to  cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the trial court's refusal to allow Petitioner to present material evidence of witness bias.**

Facts:   The trial court refused to allow Petitioner to present evidence of state witness Patty Kowalsky's violation of probation which occurred shortly after the alleged shooting.  This violation was prosecuted by the same Office of the State Attorney that prosecuted Petitioner.  Ms. Kowalsky received no jail time and no fine. Further, the trial court refused to allow Petitioner to present to the jury that Ms. Kowalsky admittedly kept $1,000.00 of Petitioner that Petitioner used to bond Ms. Kowalsky out of jail after she was arrested on her probation violation.  Ms. Kowalsky was in a romantic relationship with Petitioner at the time of the alleged incident, however, by the time of trial, they were no longer together.  Based on all of the above, this information should have been presented to the jury so that it could have assessed the credibility of Ms. Kowalsky's testimony on the basis of self-interest and/or bias.

1.      Ground five was raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.      Ground five was not raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3.      Ground five was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

F.      **Ground six:  Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to  cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the trial court's refusal to allow Petitioner to present material evidence of the victim's**

**history of violence.**

Facts:   The trial court refused to allow evidence of the victim's record as a convicted felon and his documented acts of domestic violence.  This information should have been presented to the jury so that it could have assessed the testimony of the victim on the basis of credibility, self-interest and/or bias.

1.      Ground six was raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.      Ground six was not raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3.      Ground six was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.


**G.      Ground seven:**

> **Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the trial court admitting, over defense objection, overly prejudicial photographs of Petitioner's heavily tattooed back into evidence.**

Facts:   The photographs established that Petitioner was a member of a motorcycle gang and portrayed a negative stereotypical image of the Petitioner to the jury as a violent, lawless, and bad person.  There was no relevance between the photographs and the crimes charged.

1.      Ground seven was raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.      Ground seven was not raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3.      Ground seven was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.


**H.      Ground eight:**

> **Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected**

**to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the trial court's refusal to grant a mistrial pursuant to a discovery violation.**

Facts: The trial denied defense counsel's request for a mistrial due to the prosecution's failure to disclose through the discovery process the photographs of the Petitioner's heavily tattooed back.

1. Ground eight was raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2. Ground eight was not raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

3. Ground eight was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**I.    Ground nine:**

**Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to the trial court improperly admitting evidence of prior convictions for the purpose of sentencing.**

Facts: The trial court allowed the prosecutor to introduce the Petitioner's record of prior convictions without producing certified copies of each conviction. The introduction of these prior convictions resulted in the Petitioner being sentenced to additional time in prison. This resulted in Petitioner serving a greater percentage of his prison sentence because he was sentenced under the 1995 statutes which require a defendant to serve 85% of his sentence instead of the 1994 statutes which require a defendant to serve only 65% of his sentence. Further, but for the use of these prior convictions, Petitioner would not have been sentenced as a habitual felony offender. Without this designation, Petitioner would have a *Heggs* claim requiring re-sentencing under the more favorable 1994 statutes.

1. Ground nine was not raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2. Ground nine was raised pursuant to Florida Rule 3.800(a) Motion to Vacate, Set Aside *or* Correct an Illegal Sentence in the state circuit court that sentenced the Petitioner.

    (a)      The issue was raised pursuant to Florida Rule 3.800.

           i.         Petitioner did not receive an evidentiary hearing on this issue.

           ii.        The trial court denied Petitioner's claim.

           iii.      The claim was denied by the trial court on April 11, 2002.

    (b)      Petitioner filed an appeal of the trial court's denial with the Second District Court of Appeal.

3.      Ground nine was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**J.      Ground ten:  Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due ineffective assistance of counsel.**

Facts:  Defense counsel failed to object to the prosecutor's personal attacks on the Petitioner during trial. During the trial, the prosecutor made the following statement: "Hey, Doug, ice cream has no bones." Although defense counsel made a timely objection, he did not provide a legal reason or basis for the objection. Thus, this comment could not be reviewed by the Second District Court of Appeal upon Petitioner's direct appeal. Further, defense counsel failed to object to the "partridge in a pear tree" prosecutorial remark made during a defense proffer.

1.      Ground ten was not raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.      Ground ten was raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

    (a)      The issue was raised pursuant to Florida Rule 3.850.

           i.         Petitioner did not receive an evidentiary hearing.

           ii.        The trial court denied Petitioner's claim.

           iii.      The claim was denied by the trial court on April 11, 2002.

    (b)      Petitioner filed an appeal of the trial court's denial with the Second District Court of Appeal.

3.    Ground ten was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**K.    Ground eleven:**

> **Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to ineffective assistance of counsel.**

Facts:  Defense counsel did not file a motion to suppress the search warrant used in Petitioner's case based upon two facial inaccuracies. First, the warrant and affidavit placed the Petitioner's apartment in the city of Seminole, Florida when in fact the correct city was St. Petersburg, Florida. Second, the affidavit inaccurately states that the cries of the victim could be heard in area of the business known as General Appliances. However, the correct name of the business was Capitol Appliances.

1.    Ground three was not raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.    Ground three was raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

    (a)    The issue was raised pursuant to Florida Rule 3.850.

        i.    Petitioner did not receive an evidentiary hearing.

        ii.    The trial court denied Petitioner's claim.

        iii.    The claim was denied by the trial court on April 11, 2002.

    (b)    Petitioner filed an appeal of the trial court's denial with the Second District Court of Appeal.

3.    Ground three was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**L.    Ground twelve:**

> **Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected**

**to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to ineffective assistance of counsel.**

Facts: The State introduced a record of prior convictions against the Petitioner without providing certified copies of each conviction to the trial court. Defense counsel allowed these convictions for the purpose of sentencing without objection. The introduction of these prior convictions resulted in the Petitioner being sentenced to additional time in prison. This resulted in Petitioner serving a greater percentage of his prison sentence under the 1995 statutes which require a defendant to serve 85% of his sentence instead of the 1994 statutes which require a defendant to serve 65% of his sentence. Further, but for the use of these prior convictions, Petitioner would not have been sentenced as a habitual felony offender. Without this designation, Petitioner would have a *Heggs* claim requiring re-sentencing under the more favorable 1994 statutes (as explained above).

1.   Ground twelve was not raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.   Ground twelve was raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

    (a)   The issue was raised pursuant to Florida Rule 3.850.

        i.   Petitioner did not receive an evidentiary hearing.

        ii.   The trial court denied Petitioner's claim.

        iii.   The claim was denied by the trial court on April 11, 2002.

    (b)   Petitioner filed an appeal of the trial court's denial with the Second District Court of Appeal.

3.   Ground ten was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**M.   Ground thirteen:**

        **Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to ineffective assistance of counsel.**

Facts: Defense counsel failed to advise Petitioner as to the maximum and minimum penalties for entering pleas to the 1995 Possession of a Firearm by a Convicted Felon offense and the 1996 Burglary with an Assault offense. A review of the change in plea transcript reveals that Petitioner was advised by defense counsel or the trial court as to the maximum and minimum guideline penalties for the 1995 Possession of a Firearm by a Convicted Felon but only the maximum penalty for the 1996 Burglary with an Assault offense. The transcript is silent on whether Petitioner received any information from defense counsel or the trial court regarding the minimum penalty for the 1996 Burglary with an Assault offense. The transcript is also silent on whether the above maximum and minimums were discussed under a habitual felony offender classification. This is what Petitioner entered his plea as and was ultimately sentenced under.

1.   Ground thirteen was not raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.   Ground thirteen was raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

   (a)   The issue was raised pursuant to Florida Rule 3.850.

      i.   Petitioner did not receive an evidentiary hearing.

      ii.   The trial court denied Petitioner's claim.

      iii.   The claim was denied by the trial court on April 11, 2002.

   (b)   Petitioner filed an appeal of the trial court's denial with the Second District Court of Appeal.

3.   Ground thirteen was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**O.   Ground fourteen:**

   **Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to ineffective assistance of counsel.**

Facts: The trial transcript shows that defense counsel failed to inform Petitioner that he must serve 85% of his imposed sentence for the 1996 convictions instead of 65%

of his current sentence for the 1995 convictions. The distinction is that Petitioner will serve 34 years of his 40 year sentence for the 1996 Burglary with an Assault conviction but only 26 years of his 30 year sentence for the 1995 Attempted Murder conviction. Although the trial court warned the Petitioner at sentencing that he should not rely upon any advice trial counsel provided Petitioner with regard to "any promises or representations as to how much time you're actually going to be spending in prison". This was a general inquiry that did not make a distinction between the different sentencing guidelines. As discussed above, the record does not refute this claim.

1.      Ground fourteen was not raised in the Second District Court of Appeal pursuant to a direct appeal of Petitioner's conviction.

2.      Ground fourteen was raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

      (a)      The issue was raised pursuant to Florida Rule 3.850.

            i.      Petitioner did not receive an evidentiary hearing.

            ii.      The trial court denied Petitioner's claim.

            iii.      The claim was denied by the trial court on April 11, 2002.

      (b)      Petitioner filed an appeal of the trial court's denial with the Second District Court of Appeal.

3.      Ground fourteen was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.

**P.      Ground fifteen:**

> **Petitioner was denied due process of law pursuant to the Fourteenth Amendment of the United States Constitution and is being subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to ineffective assistance of counsel.**

Facts:   Defense counsel did not pursue an alibi defense even though there was a known witness, John Tourney, who could have provided an alibi for the Petitioner. The trial court ruled this was not a proper ineffective assistance of counsel claim and entered a denial.

1.      Ground fifteen was not raised in the Second District Court of Appeal pursuant to a direct

appeal of Petitioner's conviction.

2.     Ground fifteen was raised pursuant to Florida Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence in the state circuit court that sentenced the Petitioner.

     (a)     The issue was raised pursuant to Florida Rule 3.850.

          i.     Petitioner did receive an evidentiary hearing.

          ii.     The trial court denied Petitioner's claim.

          iii.     The claim was denied by the trial court on April 11, 2002.

     (b)     Petitioner filed an appeal of the trial court's denial with the Second District Court of Appeal.

3.     Ground fifteen was not raised pursuant to any other petition, application, or motion filed in the state courts of Florida.